UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| PEPPY MARTIN, ) )  Plaintiff, ) )  v. ) )  KENTUCKY EDUCATIONAL ) TELEVISION, ) )  Defendant. ) | Case No. 3:24-cv-00050-GFVT  **MEMORANDUM OPINION & ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Peppy Martin has filed a *pro se* civil complaint. [R. 1]. The Court has granted her motion to proceed *in forma pauperis* by separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Martin names Kentucky Educational Television ("KET") as the sole defendant in this action. [R. 1 at 1]. Martin alleges that:

> KET is a state funded (with some private donations) agency providing educational material on the Public Broadcasting airwaves provided and funded by U.S. Congress. During the 2023 Governor's primary race, it issued by certified letter requirements for the 15 or so candidates, already approved by Ky. Registry of Election Finance, Secretary of State, and Ethics Commission to participate, that a candidate must have a website on the internet and must have raised $100,000 in contributions in order to offer his views to Kentuckians in Lexington on April 19, 2023. Plaintiff and another candidate for Democratic nomination had not raised

> such and were denied participation; there was no Democratic debate. She claims discrimination.

[R. 1 at 4 (cleaned up).] As the basis for her claims, Martin cites "Title V, Sec. 5, 42 USC # 2000d-4a(1). Title VI of Civil Rights Act (1964) prohibition against public accommodation." For relief, Martin seeks $29 million in damages.[1] *See id*.

The Court is unable to discern Martin's intent through her reference to "Title V, Sec. 5." No federal statute directly corresponds to that reference, and Title V of the Civil Rights Act of 1964 created the U.S. Commission on Civil Rights; it does not create any enforceable rights. Martin's reference to 42 U.S.C. § 2000d-4a(1) is similarly cryptic: that section merely defines "program or activity" to include the operations of "a department, agency, special purpose district, or other instrumentality of a State or of a local government," or a state or local entity that distributes or receives assistance. *See* Section 2000d-4a(1)(A), (B). It does not proscribe conduct or create enforceable rights.

Martin's reference to "Title VI of Civil Rights Act (1964) prohibition against public accommodation," particularly when coupled with her narrative description of the basis for her claim, is more illuminating. At bottom, Martin appears to claim that KET violated federal law by denying her "public accommodation" – presumably involvement in a political debate on a public television station – by limiting participation to those candidates who met a minimum contribution threshold and had established a website for their candidacy.

---

[1] In previous suits brought by Martin, the Court has noted that "[a]bsent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). In this case, however, Title VI expressly waives the immunity afforded the States under the Eleventh Amendment. *See* 42 U.S.C. § 2000d-7(a)(1).

Having reviewed the complaint, the Court will dismiss it for failure to state a claim. The section Martin references in her complaint, 42 U.S.C. § 2000d-4a(1), merely provides definitions. The operative language is found elsewhere:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. Martin fails to state a claim for relief under this section because she does not allege that she was refused participation in the KET event "on the ground of race, color, or national origin." *See Alexander v. Sandoval*, 532 U.S. 275, 278 (2001); *Abdullah v. Small Bus. Banking Dep't of Bank of Am.*, 532 F. App'x 89, 90 (3d Cir. 2013) ("To state a claim for violation of § 2000d, a plaintiff must allege 1) intentional discrimination on the basis of race or national origin 2) by a program receiving federal funds."). Instead, Martin expressly indicates that she was denied participation because "Plaintiff and another candidate for Democratic nomination had not raised" the required $100,000 in campaign contributions. [R. 1 at 4.] In sum, Martin alleges discrimination but not upon a ground prohibited by the statute. She therefore fails to state a claim upon which relief may be granted. *Cf. Garrett v. Yost*, No. 2:24-CV-1642, 2024 WL 2923497, at *2 (S.D. Ohio Apr. 12, 2024), *report and recommendation adopted*, No. 2:24-CV-1642, 2024 WL 2900842 (S.D. Ohio June 10, 2024); *Armstead v. Soc. Sec. Admin.*, No. 4:16CV-117-JHM, 2017 WL 1228419, at *3 (W.D. Ky. Mar. 31, 2017).

Through her reference to a "public accommodation," Martin also might have meant to assert a claim under a different provision. Title VI elsewhere provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

3

42 U.S.C. § 2000a.  The Court assumes, solely for purposes of discussion, that a televised public debate qualifies as a "place of public accommodation" within the meaning of 42 U.S.C. § 2000a(b)(1)-(4).[2]  Again, however, Martin does not allege that she was denied the advantages of a place of public accommodation "on the ground of race, color, religion, or national origin," as required.  *Cf. Leonard v. Bedrock Mgmt. Servs., LLC*, No. 1:21CV01215, 2021 WL 4198157, at *2 (N.D. Ohio Sept. 15, 2021) ("To establish a prima facie case of race discrimination under Title II, Plaintiff must allege facts suggesting that he (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment by the defendants; and (4) was treated less favorably by the defendants than similarly situated persons who are not members of the protected class.").  And, in any event, Martin could not recover damages for violation of Section 2000a, only injunctive or declaratory relief.  *See* 42 U.S.C. § 2000a-3(a); *Watson v. Fraternal Ord. of Eagles*, 915 F.2d 235, 242 (6th Cir. 1990) ("Title II entitles successful plaintiffs to injunctive relief only.") (citing *Newman v. Piggie Park Enters, Inc.*, 390 U.S. 400, 402 (1968)).

For these reasons, the Court will dismiss the complaint for failure to state a claim.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff Peppy Martin's complaint **[R. 1]** is **DISMISSED** with prejudice;

2. The Court will contemporaneously enter a corresponding judgment; and

---

[2] There is reason to question whether such a debate occurs in a public space.  *Cf. Libertarian Nat'l Comm., Inc. v. Holiday*, No. 3:14-CV-00063-GFVT, 2017 WL 4355553, at *6 (E.D. Ky. Sept. 29, 2017), *aff'd*, 907 F.3d 941 (6th Cir. 2018) ("The Supreme Court has conclusively held that a candidate debate on a state-owned public television broadcaster is a 'nonpublic fora' for First Amendment analysis purposes.") (citing *Arkansas Ed. Television Comm'n v. Forbes*, 523 U.S. 666, 669 (1998)).

3. This matter is **STRICKEN** from the docket.

This the 4th day of September, 2024.

Gregory F. Van Tatenhove
United States District Judge